{¶ 88} Two youths, upset that their friend had been killed, got on a bus. One (not Mincy) had what might have been a gun. They left the bus. They harmed no one.
 {¶ 89} Two people were arrested and tried — Mincy and Dante Allen. In what has become typical, one act resulted in myriad charges. The trial court convicted both Mincy and Allen of numerous charges, including, of all things, kidnapping.
 {¶ 90} One problem became apparent later: Allen was the wrong guy. He had always said he wasn't there, but no one believed him. He was convicted and about to be sent to prison. Luckily for him, some police officers had a doubt. And they caught the right guy. The wrongly convicted guy was let out, and the real person who was there, Derrick Smith, was put in.
 {¶ 91} Most of Mincy's sentence was because a gun was involved. No one ever said Mincy touched any gun. The theory was that he was a complicitor with Allen, so he was guilty of the gun specifications too. Of course, Allen was not guilty at all, so now Mincy stands convicted of complicity with an innocent man. Logic wails.
 {¶ 92} Though one can be complicit with an unknown actor, it is difficult to justify complicity with a known but wrong person. The big problem here is the co-defendant's testimony — or lack thereof.
 {¶ 93} Mincy was convicted in a trial that saw his co-defendant convicted; but the right co-defendant didn't get to testify because at that time he remained uncaught. The real guy now says the gun was a toy. Maybe the trier of fact would not have believed that, but there was never a chance to hear it, the wrong guy having been convicted in the first place. The court heard a co-defendant denying that he was even there — though his testimony came in through a police officer — andbeyond a reasonable doubt believed he was lying when he was telling the truth. And the court disbelieved Mincy when he said, *Page 22 truthfully, that Allen wasn't even on the bus. And it also disbelieved Mincy when he said, perhaps truthfully, that he wasn't evenwith the other person, who wasn't even Allen. There would have gone the complicity charges.
 {¶ 94} I venture that the above scenario cast a pall over the whole trial. When the court disbelieved truth beyond a reasonable doubt, how could Mincy have gotten a fair trial for his testimony?
 {¶ 95} Having been convicted of complicity with the wrong guy having what might have been a gun, Mincy got six years in prison for what was deserving of about what he will have served by the time this case comes out — about a year and three-quarters in prison. Surely that will have gotten his attention.
 {¶ 96} While the majority has quite rightly vacated Mincy's conviction for the felonious-assault count, that doesn't affect his total sentence. I would grant a new trial and hope that the case is resolved by a plea to what Mincy is really guilty of, which is inducing panic and disrupting public services. *Page 1